HALL *v.* SMITH & *a.*

The widow of a testator, who leaves surviving him any child, or the issue of any child by her, having waived the provisions of the will in her favor, and released her right of dower and homestead, is entitled, after the payment of debts and expenses of administration, to receive one third of all the personal estate, and one third, in fee, of all the real estate, unlimited by other provisions of the will.

After the widow has received her part of the estate, the rest is to be so apportioned and administered as to carry out the provisions of the will, so far as possible.

BILL IN EQUITY, by an executor, to obtain the direction of the court. The testator made certain provisions for his widow, and devised certain real and personal estate in trust for his children. The widow, having waived the provisions of the will in her favor, and released her right of dower and homestead, claims one third of all the personal estate, and one third, in fee, of all the real estate, and desires to have assigned to her, as a part thereof, the real estate devised in trust for the children.

*Hall,* for the plaintiff.

*Hackett* and *Smith,* for the defendants.

BINGHAM, J. If the widow of a testator, who leaves surviving him any child, or the issue of any child by her, waives the provisions of the will in her favor, she is entitled, after the payment of debts and expenses of administration, to receive one third of all his personal property, in addition to dower and homestead, the same as if there were no will. If she also releases her right of dower and homestead, she is entitled to receive instead thereof, in fee, one third of all his real estate. Gen. Laws, *c.* 202, *ss.* 7, 9. The statute, in effect, declares that a will is void as to the widow if she waives the benefit of its provisions, and she shall have the same rights in her husband's estate that she would have had if he had died intestate. In this case the widow is entitled to one third of

all the personal estate, and, having released her right of dower and homestead, one third, in fee, of all the real estate, unlimited by the other provisions of the will. In setting off her real estate, some discretion may be exercised so as not to break up unnecessarily the devises to the children. After her part of the estate is set off and paid over, the rest is to be so divided, distributed, and administered as to carry out the provisions of the will so far as possible, preserving to all the devisees their relative rights.

*Case discharged.*

CLARK, J., did not sit: the others concurred.