Hillsborough, ⎰
  June, 1897. ⎱

BARTLETT, *Ap't, v.* HILL *& a.*

In the absence of an agreement by the parties or an order of court, a husband's distributive share in the personal estate of his deceased wife is payable in money; and the funds required to pay such share are to be derived from a sale of her property so effected as not to defeat her specific legacies.

PROBATE APPEAL. Facts agreed. The plaintiff's wife died March 24, 1887, testate. She never had any children. By her will she gave her wearing apparel, ornaments, household furni-

ture, and the sum of $6,000 to sundry persons. The will also contained the following provision: " After my husband, John P. Bartlett, shall receive what belongs to him, I give and bequeath," etc. Then follow bequests, among which are these: " I give and bequeath to Edwin L. Hill all my Manchester Opera House stock. . . . The remaining part of my property, should there be any, I give and bequeath to my brother, Edward W. Harrington, during his lifetime, and then to the Harrington heirs." The plaintiff is not mentioned in the will, excepting as above and in being named as one of the executors. The estate consisted of wearing apparel, ornaments, and household furniture, specifically bequeathed, appraised at $223.37, other personal property of like kind appraised at $374.22, twelve shares of Manchester Opera House stock appraised at $400, and real estate appraised at $31,000. The debts and funeral expenses amounted to $375.28 and the expenses of administration to $49.03. The residuary legatee has paid the pecuniary legacies. The executors were authorized by the will to sell the whole or any part of the real and personal estate, and by virtue of this authority they have sold real estate that was appraised at $3,000. The appeal is from a decree of the judge of probate denying the plaintiff's petition for one half of the Opera House stock, in specie.

*John P. Bartlett, pro se.*

*Burnham, Brown & Warren* and *Isaac W. Smith,* for Edwin L. Hill.

*Isaac L. Heath,* for Edward W. Harrington.

PIKE, J. The will contained no provisions in favor of the plaintiff. The expression, " after my husband, John P. Bartlett, shall receive what belongs to him, I give and bequeath," etc., is but a recognition of the plaintiff's statutory right to a portion of the testatrix's estate upon her death. The statute then in force provided that " the husband of any person deceased, . . . in case she dies testate and no provision is made for him in her will, . . . shall be entitled to one half of her personal property, after payment of debts and expenses" of administration, provided she shall not leave surviving her any child or the issue of any child. G. L., *c.* 202, *s.* 15.

The question is whether the plaintiff is entitled under this statute to one half of the Opera House stock, in specie. The personal property of a decedent's estate passes to the administrator, in whom, pending its sale or transfer, the title is vested. *Shirley* v. *Healds,* 34 N. H. 407 ; *Weeks* v. *Jewett,* 45 N. H. 540,

542. It is held by the administrator to satisfy the lawful claims that are chargeable to the estate (G. L., *c.* 196, *s.* 15) and he has power to dispose of those portions of it which are not specifically bequeathed (G. L., *c.* 196, *s.* 5) or which he has not been ordered by the judge of probate to reserve for the benefit of the heirs or legatees. G. L., *c.* 196, *s.* 6. A claim by a surviving husband, as a matter of right, to any particular piece of property in the hands of the administrator, is wholly inconsistent with this power and does not exist. The plaintiff's share of the personal property of his deceased wife depends upon the surplus of such property above the amount required to pay the debts and expenses of administration as shown by the executor's final account, and, in the absence of an agreement with the executor or an order of the court, is payable in money.

But how shall the executors obtain the money for the purpose, if the personal property specifically bequeathed is to go to the legatees ? The will provides an answer to this inquiry. The testatrix, realizing that her personal property would not be sufficient to pay her debts, legacies, and other demands justly chargeable to the estate, authorized the executors to sell the whole or any part of the real estate. Whatever sum was needed to carry her intent into effect, above the sum arising from the personal property which the executors were at liberty to dispose of, could be obtained in this way. She evidently understood that discretion would be exercised so as not to defeat her specific legacies. *Hall* v. *Smith*, 59 N. H. 315. As the real estate was appraised at $31,000, there would seem to be no difficulty in raising the funds required from a sale of a portion of the half of it which is not set off to the plaintiff as his share. Indeed, the proceeds of the sale of real estate already in the possession of the executors would seem to be sufficient to adjust all claims now outstanding against the estate, including the plaintiff's distributive share of the personal property.

*Case discharged.*

PARSONS, J., did not sit : the others concurred.